UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE CHEF'N CORPORATION, | CASE NO. C14-68 RAJ |
| Plaintiff, | ORDER |
| v. | |
| PROGRESSIVE INTERNATIONAL CORPORATION, | |
| Defendant. | |

This matter comes before the court on defendant Progressive International Corporation's Rule 12(b)(6) motion to dismiss and Rule 12(f) motion to strike. Dkt. # 11.

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "the court is to take all well-pleaded factual allegations as true and to draw all reasonable inferences therefrom in favor of the plaintiff." *Wyler Summit P'ship v. Turner Broadcasting Sys., Inc.*, 135 F.3d 658, 663 (9th Cir. 1998). However, the complaint must indicate more than mere speculation of a right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from

ORDER- 1

that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Additionally, the court is not required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). If the court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Federal Rule of Civil Procedure 12(f) allows for a court to "strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, and impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. *Id.* Motions to strike are generally disfavored, and should be denied unless the matter has no logical connection to the controversy at issue and may prejudice one or more parties. *Johnson v. U.S. Bancorp*, Case No. C11-2010RAJ, 2012 WL 6615507, *7 (W.D. Wash. Dec. 18, 2012). In deciding a motion to strike, the court must view the pleading in the light most favorable to the pleading party. *Id.*

With respect to the motion to dismiss, defendant moves the court for an order dismissing plaintiff's claim for willful infringement. *Id.* at 3. The Federal Circuit has held that "proof of willful infringement permitting enhanced damages requires at least a

showing of objective recklessness." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). "[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id.* "If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id.*

The parties appear to agree that there is a lack of complete uniformity in district court authority addressing a willful infringement claim in light of *Twombly* and *Iqbal*.[1] This District has taken the majority approach that a patentee need not allege specific facts establishing objective recklessness. *Medtrica Solutions, LTD v. Cygnus Med., LLC*, Case No. C12-538RSL, 2012 WL 5726799, *1 (W.D. Wash. Nov. 15, 2012). Rather, allegations that a defendant had notice of the patent and continued to make and sell the infringing product are sufficient to plausibly allege willful infringement. *See id.* This court agrees, and declines defendant's invitation to hold otherwise.

Here, plaintiff alleges that defendant had actual knowledge of the '189 patent at least as of March 2012 when plaintiff sent a cease and desist letter demanding that defendant not bring a product that infringed the '189 patent to the market. Dkt. # 1 ¶¶ 8-9, 18. In March 2013, defendant sent a cease and desist letter regarding the redesigned product that plaintiff alleges continued to infringe the '189 patent. *Id.* ¶ 11. In June 2013, plaintiff sent another letter to defendant seeking confirmation that defendant would not bring to market the allegedly infringing product. *Id.* ¶ 12. Plaintiff alleges that despite having notice of infringement, defendant began marketing the infringing product with online retailers as early as July 2013 and continues to do so today. *Id.* ¶ 13.

---

[1] *Seagate* addressed the requirements for a patentee to prove a claim for willfulness, and not the requirements for a patentee to plead such a claim.

The court finds that these allegations plausibly allege a claim for willful infringement.[2]

With respect the Rule 12(f) motion, defendant seeks an order striking allegations relating to Progressive "copying" other Chef'n products because allegations referring to other products are immaterial and impertinent to plaintiff's claim.[3] Dkt. # 11 at 7-9. Specifically, defendant requests that the court strike: (1) "pattern of copying and imitation" and "stream of nearly identical products" (Dkt. # 1 ¶ 7); (2) Exhibit 1 to the complaint, which purports to show Chef'n products and comparative Progressive products; and (3) "pattern of imitation regarding patented Chef'n products" (*id.* ¶ 18). Defendant argues that these allegations are impertinent and immaterial because there is no accompanying allegation or claim that the copying of these other products was wrongful. Dkt. # 11 at 8. However, immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, and impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. At this stage of the proceeding, the court cannot conclude as a matter of law from the allegations, when viewed in the light most favorable to plaintiff, that these allegations "copying" other products have no essential or important relationship to, or do not pertain and are not necessary to, plaintiff's claim for infringement of the '189 patent. Arguments regarding what may be admissible to a fact-finder are premature, and defendant will have ample opportunity to move the court to exclude inadmissible evidence and to narrow the issues through summary judgment at the appropriate time.

---

[2] This conclusion is not altered by additional allegations in the complaint and documents attached to the complaint, as argued by defendant. Dkt. # 11 at 4-6. The court understands that the parties have different views of whether the defendant's product infringes the '189 patent. However, at this stage of the proceedings, plaintiffs have plausibly alleged a claim for willful infringement.

[3] Defendant complains that Chef'n has omitted various facts. Dkt. # 11 at 7. Defendant makes no request with respect to these alleged omitted facts, and the court has disregarded this argument.

1  For all the foregoing reasons, the court DENIES defendant's motion.  Dkt. # 11.

2  Dated this 19th day of May, 2014.

3

4  *[signature: Richard A. Jones]*

5  _____

   The Honorable Richard A. Jones
6  United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27