HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHEF'N CORPORATION,<br><br>               Plaintiff,<br><br>     v.<br><br>PROGRESSIVE INTERNATIONAL CORPORATION,<br><br>               Defendant. | CASE NO. C14-68 RAJ<br><br>ORDER |

This matter comes before the Court on Defendant Progressive International Corporation's ("Progressive") motion to enter judgment under Rule 68. Dkt. # 53, 55. Plaintiff Chef'n Corporation ("Chef'n") opposes the motion. Dkt. # 58, 60. For the reasons that follow, the Court **GRANTS** Progressive's motion.

Once parties have met their obligations under Rule 68, the "clerk must then enter judgment." Fed. R. Civ. P. 68(a). The clerk's role is ministerial in nature; the Rule does not afford the clerk any discretion in entering—or not—a judgment pursuant to Rule 68. *Id.* (explicitly stating that the clerk "must" enter judgment); *see also Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 834 (9th Cir. 1997) ("The offer, once made, is non-negotiable; it is either accepted, in which case it is automatically entered by the clerk of

court, or rejected, in which case it stands as the marker by which the plaintiff's results are ultimately measured."); *Simon v. Intercontinental Transp. (ICT) B.V.*, 882 F.2d 1435, 1439 (9th Cir. 1989) (finding that "the mandatory cast of [Rule 68] 'leaves no room for district court discretion.'") (quoting *Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 442 (9th Cir. 1982)); *Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991) (finding that "Rule 68 judgments are self-executing."); *Thweatt v. Koglmeier, Dobbins & Smith*, 2006 U.S. Dist. LEXIS 57657, *6 (D. Ariz. Aug. 15, 2006) ("Outside of a very few exceptions not relevant here to this action, a Rule 68 offer of judgment is self-executing once its acceptance is filed with the Court and neither the Court nor any court official has any discretion to do anything regarding that acceptance other than to enter judgment.").

On August 29, 2014, the parties filed a notice of acceptance of offer of judgment. Dkt. # 26. The notice included the terms of the offer, Progessive's acceptance through an email by its attorney, and a certificate of service. *Id.* The clerk was therefore required to enter the judgment. Fed. R. Civ. P. 68(a). The clerk never entered the judgment; this was an error. The Court may correct such clerical errors under Rule 60(a). Fed. R. Civ. P. 60(a); *see also Garamendi v. Henin*, 683 F.3d 1069, 1077 (9th Cir. 2012) (finding that "a court's failure to memorialize part of its decision is a clerical error. Power to correct clerical errors of omission derives from Rule 60[.]") (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1993)); *Oates v. Oates*, 866 F.2d 203, 208 (6th Cir. 1989) ("Because the court clerk failed to perform the ministerial act of entering judgment, the court should have entered judgment *nunc pro tunc*."). As such, the Court instructs the clerk to retroactively enter the parties' judgment pursuant to Rule 68, at docket number 26.[1]

---

[1] This action is ministerial and not discretionary. This order is therefore narrow in scope and merely cures an omission.

Chef'n's arguments that the Court lacks jurisdiction over the pending motion or that the parties released their obligations under the Rule 68 judgment are unavailing. First, the Court may correct clerical errors under Rule 60(a); Chef'n fails to cite authority showing that the Court is divested of jurisdiction for the narrow purpose of curing a clerical error.

As to Chef'n's second argument, the Court applies the usual rules of contract construction to Rule 68 offers of judgment. *Nusom*, 122 F.3d at 833. The Court reviewed the parties' offer and acceptance and finds no ambiguities. Dkt. # 26. It appears that Chef'n clearly extended an offer of judgment pursuant to Rule 68, which Progressive unambiguously accepted. *Id*. The only obstacle to the parties was a clerical error on the part of the clerk, not a disagreement in intent or understanding of the terms of the judgment. Chef'n does not present adequate evidence to show that it unambiguously rescinded its offer to Progressive, nor that Progressive revoked its acceptance of Chef'n's offer.

For these reasons, the Court **GRANTS** Progressive's motion to enter judgment pursuant to Rule 68. Dkt. # 53. The Court directs the clerk to enter judgment in accordance with Progressive's accepted offer of judgment, at docket number 26, effective as of August 29, 2014. The Court further **GRANTS** the pending motions to seal several documents. Dkt. ## 54, 59, 62.

Dated this 11th day of July, 2017.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER- 3